UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2009 MAR -6  A 10: 12

[stamp: ...A P. HACKL... U.S. DISTRICT COU... MIDDLE DISTRICT...]

| | |
|---|---|
| RONALD HARGRAVE, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | Civil Action No.:_____ |
| ) | **JURY TRIAL DEMANDED** |
| ) | 2:09 cv 185-MEF |
| U.S. BANCORP, d.b.a. U.S. BANK, a foreign ) | |
| corporation, ) | |
| ) | |
| *Defendant.* ) | |

## COMPLAINT

**COMES NOW** Plaintiff, by and through his attorney of record, and would show unto the Court as follows:

### PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages brought by an individual consumer Ronald Hargrave (hereinafter referred to as "Plaintiff") against Defendant U.S. Bank (hereinafter referred to as "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter referred to as "FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1 *et seq.* (hereinafter referred to as "ADTPA"), and state law causes of action for conversion, fraud, harassment, intentional infliction of emotional distress, invasion of privacy, misrepresentation, negligence, suppression of a material fact, and wantonness.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,

Page 1 of 13

and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The violations of Plaintiff's rights as alleged herein occurred in Elmore County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

## PARTIES

4. Plaintiff Ronald Hargrave is a natural person and is a resident and citizen of Elmore County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined within the FCRA.

5. Defendant U.S. Bancorp, d.b.a. U.S. Bank, is a foreign corporation engaged in the business of furnishing credit to consumers located within the State of Alabama. Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of its business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

## FACTUAL ALLEGATIONS

6. Plaintiff restates and reiterates herein all previous paragraphs.

7. Sometime prior to 2002, Plaintiff's wife, Katona Hargrave, established a revolving credit account with Defendant to purchase ordinary consumer goods. Plaintiff was not listed as an owner, guarantor or obligor on his wife's account.

8. Subsequently, Plaintiff's wife contacted Defendant and requested that Plaintiff be added to her account in the capacity of an "authorized user."

9. On July 5, 2007, the United States Bankruptcy Court for the Middle District of Alabama granted a discharge to Plaintiff's wife[1] and forwarded a copy of the same to Defendant. Defendant was listed as an unsecured creditor on Schedule F of such petition.

10. Subsequently, Defendant began communicating with both Plaintiff and his wife regarding Plaintiff's alleged liability on this account. More specifically, Defendant advised Plaintiff and his wife that Plaintiff was personally obligated to make the monthly payments on the account and, in the event Plaintiff failed to do so, Defendant would negatively report the same to the credit reporting agencies.

11. Notwithstanding the fact that Plaintiff was not and is not obligated to do so, and fearing that Defendant would negatively report this account, Plaintiff and/or his wife agreed to continue making payments to Defendant on this account. In fact, Plaintiff paid approximately $250 per month to Defendant on this account from on or around August, 2007, until on or around January, 2009, for a grand total of approximately $4,750.

12. On at least three separate occasions within the past year, Plaintiff has disputed the validity of this account, i.e. that he is not an owner, obligor or guarantor thereof, with Defendant. However, assumably due to the inexistence of any such information, Defendant has failed and/or refused to respond thereto.

13. Notwithstanding Plaintiff's multiple disputes, Defendant has reported and continues to report to one or more of the credit reporting agencies that Plaintiff owns and owes upon the account. Most disturbingly, Defendant continues its collection efforts against Plaintiff including, but not limited to, mailing correspondence to Plaintiff and contacting Plaintiff

---

[1] The case number is 07-30413.

via the telephone.

14. Defendant has falsely and inaccurately represented to others, including one or more of the credit reporting agencies, that Plaintiff owns and owes money on this account.

15. Defendant has agreed to and understands it must follow the requirements of the FCRA including:

    a) 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

    b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

        (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

        (ii) the information is, in fact, inaccurate."

    c) 15 U.S.C. § 1681(a)(2) which states, "[a] person who -

        (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

        (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is

necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

16. Despite receiving multiple disputes from Plaintiff, Defendant has intentionally and knowingly maintained its policy of keeping false, inaccurate and damaging information on at least one of Plaintiff's credit reports.

17. Defendant has a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, ADTPA, federal law and state law.

18. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

19. Defendant's actions were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiff, and/or with the knowledge that its actions would very likely harm Plaintiff, and/or that its actions were taken in violation of the law.

20. Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects it to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

21. The actions, omissions, misrepresentations, and violations of the FCRA, federal law, and state law of Defendant, regarding the alleged debt, as described herein, constitutes harassment which has resulted in the negligent and intentional infliction of mental and

emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer.

## COUNT ONE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *et seq.*

22. Plaintiff restates and reiterates herein all previous paragraphs.

23. In the entire course of its actions, Defendant willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a) By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

   b) By willfully and/or negligently failing to fulfill its duties as listed within section 15 U.S.C. § 1681s-2. More specifically:

   i) Reporting information with actual knowledge of errors;

   ii) Reporting information after notice and confirmation of errors;

   iii) Failing to update and/or correct previously reported information determined to be inaccurate or incomplete;

   iv) Failing to provide notice of dispute;

   v) Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

   vi) Invading the privacy of Plaintiff; and

   vii) Failing in their duty to prevent foreseeable injury to Plaintiff.

24. The foregoing acts and omissions were undertaken by Defendant willfully and/or negligently as part of its routine business, in gross reckless disregard of Plaintiff's rights.

25. As a result of the above violations of the FCRA, Defendant is liable to Plaintiff for a declaratory judgment that its conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT TWO
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
## ALA. CODE 1975 § 8-19-3 *et seq.*

26. Plaintiff restates and reiterates herein all previous paragraphs.

27. The conduct described herein has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

28. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

29. The foregoing acts and omissions of the Defendant were undertaken by it willfully, intentionally, and knowingly as part of its routine debt collecting / furnishing business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

30. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

31. Defendant's unfair and deceptive acts have proximately caused emotional and actual damaged and Defendant is liable to Plaintiff for such injury.

## COUNT THREE
## NEGLIGENCE

32. Plaintiff restates and reiterates herein all previous paragraphs.

33. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

34. Defendant's negligent acts were purposeful to illegally coerce Plaintiff into paying the alleged debt.

35. As a proximate consequence of Defendant's negligence, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

36. As a proximate result of Defendant's unlawful acts, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FOUR
## HARASSMENT

37. Plaintiff restates and reiterates herein all previous paragraphs.

38. Defendant's actions were done maliciously, without privilege, and with a willful intent to injury Plaintiff. Defendant's harassing collection tactics created a hostile environment for Plaintiff.

39. Defendant wrongfully exploited Plaintiff and coerced him into paying on the alleged debt.

40. Defendant's communications to Plaintiff were offensive and harassing.

41. As a proximate consequence of Defendant's harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

42. As a proximate result of Defendant's harassment, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE
## INVASION OF PRIVACY

43. Plaintiff restates and reiterates herein all previous paragraphs.

44. Defendant' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

45. Defendant' actions were done maliciously, without privilege, and with a willful intent to injury Plaintiff.

46. As a direct and proximate consequence of Defendant's acts of invading Plaintiff's privacy, Plaintiff has been injured in that Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

47. As a proximate result of Defendant's acts of invading Plaintiff's privacy, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT SIX
## WANTONNESS AND WILLFULNESS

48. Plaintiff restates and reiterates herein all previous paragraphs.

49. Defendant acted intentionally with a design to injure Plaintiff, or with knowledge of the

circumstances and reckless disregard for the consequences, when it attempted to collect the aforesaid debt from Plaintiff and reported the same to one or more of the credit reporting agencies.

50. As a direct and proximate consequence of Defendant's wanton and willful conduct, Plaintiff has been injured in that Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

51. As a proximate result of Defendant's wanton and willful conduct, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT SEVEN
## UNJUST ENRICHMENT

52. Plaintiff restates and reiterates herein all previous paragraphs.

53. Defendant has been unjustly enriched in that, because of its fraudulent, misrepresentative and/or deceitful behavior of coercing Plaintiff in to paying on this alleged account, Defendant has received thousands of dollars that in equity and good conscience belongs to Plaintiff.

54. As a direct and proximate consequence of Defendant's behavior, Defendant has been unjustly enriched.

55. As a proximate result thereof, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT EIGHT
## FRAUD / MISREPRESENTATION / SUPPRESSION OF MATERIAL FACT

56. Plaintiff restates and reiterates herein all previous paragraphs.

57. Defendant's conduct was fraudulent and misrepresentative in that, with the intent to

coerce Plaintiff into paying on this alleged account, Defendant misrepresented to Plaintiff that he was an owner, obligor and/or guarantor thereon, when in fact he was simply an authorized user.

58. Defendant's suppressed a material fact in that, with the intent to coerce Plaintiff into paying on this alleged account, Defendant intentionally and willfully failed to advise Plaintiff that he was not an owner, guarantor or obligor on the account.

59. As a direct and proximate consequence of Defendant's fraud, misrepresentation, and suppression, Plaintiff has been injured in that Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

60. As a proximate result thereof, Defendant is liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## DECLARATORY AND INJUNCTIVE RELIEF

61. Plaintiff restates and reiterates herein all previous paragraphs.

62. There exists a dispute over whether Defendant has violated the FCRA, ADTPA, and state law causes of action.

63. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendant violated the FCRA, Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-3 *et seq.*, and state common law causes of action, and Plaintiff is similarly entitled to an order enjoining said acts.

64. As a result of Defendant's actions, omissions and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

65.  Defendant's actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant by this Court for the following:

a)   Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant to be unlawful, enjoining Defendant from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)   Award Plaintiff actual damages;

c)   Award Plaintiff punitive damages;

d)   Award Plaintiff state and federal statutory damages;

e)   Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f)   Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)   Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY submitted this the 4th day of March, 2009.

/s/ Anthony B. Bush
*Counsel for Plaintiff*
Anderson Nelms & Associates, LLC
Sterling Bank Building, Third Floor

2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066
Phone:        (334) 351-1770
Facsimile:    (334) 351-1774
Email:anthonybush@andersonnelms.com
ASB ID #:  ASB-7306-A54B

**The Defendant may be served at the following addresses:**

US BANCORP, d.b.a. US BANK
U.S. Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402